IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Smadar Y. Chafetz ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No.: 07-CIV-6895 |
| ) | |
| Wolpoff & Abramson, L.L.P. ) | |
| ) | |
| Defendant ) | |
| ) | |
| ) | |

## ANSWER

Defendant Wolpoff & Abramson, L.L.P. ("W&A"), by and through counsel, answers the Complaint and Demand for Jury Trial filed in this matter as follows:

### FIRST DEFENSE

1. The matters asserted in Paragraph 1 of Plaintiff's Complaint are legal conclusions for which an answer either admitting or denying the assertions is not required.

2. The allegations contained within Paragraph 2 of Plaintiff's Complaint relate to jurisdiction and do not require the filing of an answer either admitting or denying the allegations.

3. The allegations contained within Paragraph 3 of Plaintiff's Complaint relate to jurisdiction and do not require the filing of an answer either admitting or denying the allegations. To the extent a response to Paragraph 3 is required, Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 3.

4. Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 4 of Plaintiff's Complaint.

1697437.1

5.  Defendant lacks sufficient information to either admit or deny the allegations contained within Paragraph 5 of Plaintiff's Complaint.

6.  Defendant admits the allegations contained within Paragraph 6 of Plaintiff's Complaint.

7.  Defendant admits the allegations contained within Paragraph 7 of Plaintiff's Complaint.

8.  Defendant admits the allegations contained within Paragraph 8 of Plaintiff's Complaint.

9.  Defendant admits the allegations contained within Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits the allegations contained within Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained within Paragraph 11 of Plaintiff's Complaint.

12. Defendant admits the allegations contained within Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits the allegations contained within Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained within Paragraph 14 of Plaintiff's Complaint.

15. Defendants herein incorporate by reference all prior responses to Paragraphs 1 to 14, inclusive, of Plaintiffs' Complaint.

1697437.1

16. Defendant is unable to either admit or deny the allegations contained within Paragraph 16 as the term "form letter" is not sufficiently defined.

17. The matters asserted in Paragraph 17 of Plaintiff's Complaint are legal conclusions for which an answer either admitting or denying the assertions is not required.

18. The matters asserted in Paragraph 18 of Plaintiff's Complaint are legal conclusions for which an answer either admitting or denying the assertions is not required.

19. The matters asserted in Paragraph 19 of Plaintiff's Complaint are legal conclusions for which an answer either admitting or denying the assertions is not required. To the extent any response to Paragraph 19 of Plaintiff's Complaint is required, Defendant denies the allegations contained therein.

## SECOND DEFENSE

To the extent Plaintiff can establish any violation of the FDCPA, Defendant's liability is excused by virtue of the bona fide error defense, 15 U.S.C. § 1962k(c).

## THIRD DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

WHEREFORE, having fully answered the Complaint, Defendant asks that it be dismissed, with prejudice, and that all costs, fees, and expenses be assessed against the Plaintiff.

1697437.1

Dated:    White Plains, New York
          September 24, 2007

                                       Respectfully submitted,

                WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                By: _____
                     Thomas A. Leghorn (TL6244)
                     Attorneys for Defendant,
                     WOLPOFF & ABRAMSON, L.L.P.,
                     3 Gannett Drive
                     White Plains, New York 10604-3407
                     (914) 323-7000
                     File No.: 06666.00009

TO:    Abraham Kleinman
       Attorney for Plaintiff
       RexCorp Plaza
       Uniondale, New York 11556-0626
       (516) 522-2621

1697437.1